13-4422-cv
Camcorp Interests Ltd. v. Bank of Am. Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of May, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                      *Circuit Judges*.

───────────────────────────────────────────

IN RE BANK OF AMERICA AIG DISCLOSURE SECURITIES LITIGATION

───────────────────────────────────────────

DAVID LAWRENCE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                      *Plaintiff,*

CAMCORP INTERESTS LIMITED,

                      *Plaintiff-Appellant,*

ALASKA ELECTRICAL PENSION FUND, NORTHERN IRELAND LOCAL GOVERNMENT OFFICERS' SUPERANNUATION COMMITTEE,

                      *Movants-Appellants,*

           -v-                                        13-4422-cv

BANK OF AMERICA CORPORATION, BRIAN T. MOYNIHAN, CHARLES H. NOSKI, NEIL A. COTTY, BRUCE R. THOMPSON,

                      *Defendants-Appellees.*

───────────────────────────────────────────

Appearing for Appellants:    Jason Zweig, Hagens Berman Sobol Shapiro LLP (Steve W. Berman, Reed Katherine, *on the brief*), Seattle, WA.

Appearing for Appellees:    George M. Garvey, Munger Tolles & Olson LLP, Los Angeles, CA (Marc T.G. Dworsky, Joshua Patashnik, Munger Tolles & Olson LLP, Los Angeles, CA; Luke A. Connelly, Winston & Strawn LLP, New York, NY, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff Camcorp Interests Limited and movants Alaska Electrical Pension Fund and Northern Ireland Local Government Officers' Superannuation Committee (collectively, "Camcorp"), appeal the November 7, 2013 judgment, entered pursuant to the November 4, 2013 opinion and order of the United States District Court for the Southern District of New York (Koeltl, *J.*), granting the motion to dismiss brought by defendants Bank of America Corporation, Brian T. Moynihan, Charles H. Noski, Neil A. Cotty, and Bruce R. Thompson (collectively, "Bank of America"). On appeal, Camcorp principally asserts that the district court erred in determining, inter alia, that Camcorp's Second Amended Complaint (the "SAC") failed to plausibly allege materially false statements made by Bank of America based on Accounting Standards Codification ("ASC") 450. Camcorp also argues that the district court erred in determining that the SAC failed to adequately allege that Bank of America acted with the requisite scienter in making these misleading statements. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure de novo. *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014). Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, make it "unlawful for any person . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b). Furthermore, the Private Securities Litigation Reform Act requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). As relevant to the scienter requirement here, Camcorp must allege facts that constitute "strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Furthermore, reckless conduct must be, "at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care." *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 269 (2d Cir. 1996) (internal quotation marks omitted).

Even assuming, arguendo, that Camcorp pleaded a colorable allegation that ASC 450 required Bank of America to disclose with particularity the existence of a potential lawsuit against it by American International Group we conclude, like the district court, that the SAC does not plausibly allege circumstantial evidence of conscious misbehavior. Like the district

court, we note that Camcorp must adequately allege conduct that was "highly unreasonable." *Id.* (internal quotation marks omitted). And on this point, we agree with the district court's following conclusion.

> [T]he allegations in the [SAC] do not support a cogent inference that defendants' conduct was highly unreasonable and violative of a *known or obvious* duty. The much more compelling conclusion is that the defendants did not think there was any need for public disclosure in view of the information already in the marketplace, the aggregate disclosure of [Bank of America]'s findings, and the lack of any *definitive* regulatory requirement requiring the disclosure of a possible lawsuit of indeterminate amount.

*In re Bank of America AIG Disclosure Sec. Litig.*, — F. Supp. 2d —, No. 11-cv-6678 (JGK), 2013 WL 5878814, at *18 (S.D.N.Y. Nov. 1, 2013) (emphasis added). Because Camcorp failed to adequately plead scienter, a necessary element of a claim under Section 10(b) and Rule 10b-5, we affirm the district court's grant of Bank of America's motion to dismiss.

We have considered the remainder of Camcorp's arguments, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3